**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY S. KIDD,**

    **Petitioner,**

    v.                                                                                    **CASE NO. 20-3164-SAC**

**STATE OF KANSAS,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court granted Petitioner leave to proceed *in forma pauperis*.

**Background**

Petitioner was charged with one count of first-degree premeditated murder, one count of aggravated assault, one count of criminal discharge of a firearm at an occupied dwelling, and one count of aggravated battery. A jury found Petitioner guilty on all four counts, and the district court sentenced Petitioner to a life sentence with a minimum of 25 years for the murder conviction and a consecutive term of 52 months for the three remaining counts. *State v. Kidd*, 265 P.3d 1165, 1167–68 (Kan. 2011). Petitioner appealed his conviction to the Kansas Supreme Court, and the court affirmed Petitioner's convictions and sentence on December 2, 2011. *Id*. The United States Supreme Court denied his petition for writ of certiorari on May 21, 2012. *Kidd v. Kansas*, 132 S. Ct. 2433 (2012). On August 10, 2012, Petitioner filed a motion for post-conviction relief under K.S.A. § 60-1507 in the District Court of Sedgwick County, Kansas. The district court denied Petitioner's K.S.A. § 60-1507 motion on February 14, 2013. Petitioner appealed, and on July 10, 2015, the Kansas Court of Appeals affirmed the district court's denial

1

of Petitioner's motion. *Kidd v. State*, 353 P.3d 470, 2015 WL 4460380 (Kan. Ct. App. July 10, 2015).

Petitioner then petitioned the Kansas Supreme Court for review, and before that court ruled on his request for review, Petitioner filed a 28 U.S.C. § 2254 petition in our court on September 30, 2015. On February 18, 2016, the Kansas Supreme Court denied Petitioner's petition for review. On November 30, 2016, our court denied Petitioner's petition for writ of habeas corpus under § 2254. *See Kidd v. Kansas*, Case No. 15-cv-3235-DDC, 2016 WL 6996283 (D. Kan. Nov. 30, 2016). On February 17, 2017, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), alleging that the court erred when it denied his petition under § 2254. The court found that it lacked jurisdiction on several of Petitioner's claims because they were treated as a successive habeas application without prior authorization from the Tenth Circuit. On July 24, 2017, the court denied in part and dismissed in part Petitioner's motion for relief from judgment. *Kidd v. Kansas*, Case No. 15-cv-3235-DDC, 2017 WL 3130590 (D. Kan. July 24, 2017). On August 1, 2017, Petitioner filed a motion for reconsideration and a notice of appeal. On August 9, 2017, Petitioner voluntarily dismissed his appeal and the Tenth Circuit issued the mandate that same day. On August 18, 2017, Petitioner filed his second motion for relief from judgment. On January 26, 2018, the court denied the motion. *Kidd v. Kansas*, Case No. 15-3235-DDC, 2018 WL 572047 (D. Kan. Jan. 26, 2018).

In May 2017, Petitioner filed a second motion for relief under K.S.A. § 60-1507. About a month later, the district court summarily denied the motion as untimely and successive. Petitioner appealed, arguing that the lower court made inadequate findings of fact and conclusions when it summarily denied his motion, thus violating Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228). *See Kidd v. State*, 460 P.3d 845 (Table), 2020 WL 1814291, at *4

(Kan. Ct. App. April 10, 2020). On April 10, 2020, the Kansas Court of Appeals affirmed the denial of Petitioner's second K.S.A. § 60-1507 motion. *Id*. The court found that the lower court made adequate findings and conclusions and in the aggregate the district court's orders assisted the appellate court in conducting meaningful review. *Id*. at *6. The court therefore found that remand for further proceedings was not warranted and Petitioner had no right to relief. *Id*.

Petitioner filed the instant petition under § 2254 on June 16, 2020. Plaintiff raises one ground for relief: the Kansas Court of Appeals erred by not considering the facts and erred by not remanding the second 60-1507 motion back to the lower court. (Doc. 1, at 5.) Petitioner maintains that the district court violated Rule 183(j). *Id*. at 6. Petitioner asks this Court to "[a]dvise the appeals court to remand Kidd's second 60-1507 motion back to the lower court with discretion." *Id*. at 8.

**Discussion**

This subsequent habeas petition challenging the same convictions is second or successive. A prisoner may not file a second or successive action under § 2254 without first obtaining authorization from the circuit court of appeals allowing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the Court does not have jurisdiction to address the merits of Petitioner's current § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

When a district court receives a successive petition without the necessary authorization, the court may either dismiss it for lack of jurisdiction or transfer it to the circuit court in the interest of justice. *Id*. at 1252. Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper

forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

The Court finds that it is not in the interest of justice to transfer this case to the U.S. Court of Appeals for the Tenth Circuit.  Tenth Circuit precedents are clear: "challenges involving state post-conviction proceedings are not cognizable in a federal habeas action because challenges of this type do not involve a constitutional violation in the underlying conviction." *Alford v. Cline*, 2017 WL 3327585, at *3 (D. Kan. Jan. 24, 2017) (quoting *Wallen v. Miller*, 661 F. App'x 526, 534–35, 2016 WL 4742205 (10th Cir. 2016) (citing *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219 (10th Cir. 1989) ("The presence of a procedural deficiency in a state's scheme for postconviction relief . . . does no violence to federal constitutional rights."), *overruled on other grounds as stated in Phillips v. Ferguson*, 182 F.3d 769, 772–73 (10th Cir. 1999)); *see also Overton v. Heimgartner*, Civil Action No. 15-3266-KHV, 2017 WL 4012207, at *9 (D. Kan. Sept. 12, 2017) (finding no remedy through federal habeas where petitioner's contention that district court violated his due process rights by denying him an evidentiary hearing in post-conviction proceedings rests on deficiencies in state habeas procedures and "federal courts do not remedy errors in state post-conviction appeals").

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider.

**IT IS SO ORDERED**.

Dated July 10, 2020, in Topeka, Kansas.

          <u>s/ Sam A. Crow</u>
          **Sam A. Crow**
          **U.S. Senior District Judge**